TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
KUANYU CHEN,
*on his own behalf and on behalf of others similarly situated*

                              Plaintiff,
                              v.
LJC TRADING NEW YORK INC.
    d/b/a LJC Trading;
ZHONG ZHANG,
LIHUI ZHANG, and
JIAN CHEN LIU
                              Defendants.
------------------------------------------------------------- x

Case No. 19-cv-03276

**29 U.S.C. § 216(b)
COLLECTIVE ACTION**

**COMPLAINT**

      Plaintiff KUANYU CHEN (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants LJC TRADING NEW YORK INC. d/b/a LJC Trading; ZHONG ZHANG, LIHUI ZHANG, and JIAN CHEN LIU, and alleges as follows:

## INTRODUCTION

      1.     This action is brought by the Plaintiff KUANYU CHEN, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4. Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid wages and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about May 01, 2017 to February 28, 2019, Plaintiff KUANYU CHEN was employed by Defendants to work as a salesperson at 1044 Northern Blvd Ste 104, Roslyn, NY 11576.

## DEFENDANTS

*Corporate Defendant*

8. Defendant LJC TRADING NEW YORK INC. d/b/a LJC Trading is a domestic business corporation organized under the laws of the State of New York with a principal address at 1044 Northern Blvd, Suite 104, Roslyn, NY 11576.

9. LJC TRADING NEW YORK INC. d/b/a LJC Trading is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. LJC TRADING NEW YORK INC. d/b/a LJC Trading purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

11. The Individual Defendants are officers, directors, managers and/or majority

shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

12. ZHONG ZHANG known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LJC TRADING NEW YORK INC. d/b/a LJC Trading.

13. ZHONG ZHANG hired Plaintiff.

14. ZHONG ZHANG attempted to fire Plaintiff.

15. ZHONG ZHANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LJC TRADING NEW YORK INC. d/b/a LJC Trading.

16. LIHUI ZHANG known as ZHONG ZHANG's sister to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LJC TRADING NEW YORK INC. d/b/a LJC Trading.

17. LIHUI ZHANG handles the accounting for LJC TRADING NEW YORK INC. d/b/a LJC Trading and paid Plaintiff.

18. LIHUI ZHANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LJC

TRADING NEW YORK INC. d/b/a LJC Trading.

19. JIAN CHEN LIU known as "Lady Boss" and ZHONG ZHANG's wife to Plaintiff and DOS Process of LJC TRADING NEW YORK INC. d/b/a LJC Trading, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LJC TRADING NEW YORK INC. d/b/a LJC Trading.

20. JIAN CHEN LIU told Plaintiff KUANYU CHEN that the company had some problem with money and delayed Plaintiff KUANYU CHEN's payment.

21. JIAN CHEN LIU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with LJC TRADING NEW YORK INC. d/b/a LJC Trading.

## STATEMENT OF FACTS

### Wage and Hour Claims

22. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

24. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

25. Defendants failed to keep full and accurate records of Plaintiff's hours and

wages.

26. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

27. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

28. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

29. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Plaintiff KUANYU CHEN*

30. From on or about May 01, 2017 to February 28, 2019, Plaintiff KUANYU CHEN was employed by Defendants to work as a "sales manager" at 1044 Northern Blvd, Suite 104, Roslyn, NY 11576.

31. Despite being categorized and titled as a "sales manager," Plaintiff KUANYU CHEN actually had no persons to manage.

32. Plaintiff KUANYU CHEN's main duties is that of a driver and translator.

33. Plaintiff KUANYU CHEN serves as the personal translator for Boss ZHONG

ZHANG and Lady Boss JIAN CHEN LIU, and driver who serves to drive the Boss' kids to school from their Long Island homes at 199 Terrace Lane, Oyster Bay, NY 11771 and 105 Centre Island Road, Oyster Bay, NY 11771 and take the family to go to their desired destinations on demand.

34. Plaintiff KUANYU CHEN also assists the family in its asset management on the side.

35. To illustrate, Plaintiff KUANYU CHEN was required to haggle with the car dealership in the purchase of the car for the family.

36. From on or about May 01, 2017 to February 28, 2019, Plaintiff KUANYU CHEN's regular work schedule ran from:

   a. 07:30 to 17:30, with one and a half (1.5) hours for lunch for seven (7) hours a day for three (3) days;

   b. 07:30 to 17:30, with one and a half (1.5) hours for lunch for eight and a half (8.5) hours on Saturdays and Sundays for two (2) days.

37. At 07:30 on weekdays, Plaintiff KUANYU CHEN would first arrive at the Long Island home of Boss ZHONG ZHANG and the Lady Boss JIAN CHEN LIU to drive the child to school.

38. Subsequently, Plaintiff KUANYU CHEN would drive the Boss ZHONG ZHANG and Lady Boss JIAN CHEN LIU on demand.

39. Between 10:30 to 11:00, Plaintiff KUANYU CHEN would arrive at the office at 1044 Northern Blvd, Suite 104, Roslyn, NY 11576.

40. Subsequently, KUANYU CHEN is required to drive on demand for the Bosses.

41. At times, Plaintiff KUANYU CHEN would arrive home at 20:00 or 21:00.

42. From on or about May 01, 2017 to March 19, 2019, Plaintiff KUANYU CHEN was promised a flat compensation at a rate of five thousand dollars ($5000.00) per month.

43. However, Plaintiff KUANYU CHEN was not paid at his promised rate of compensation.

44. Beginning April or May 2018, Defendants began delaying Plaintiff KUANYU CHEN's payments instead of paying him timely.

45. In total, Defendants owe Plaintiff KUANYU CHEN around Twenty Thousand Dollars ($20,000).

46. At all relevant times, Plaintiff KUANYU CHEN was not paid overtime pay for overtime work.

47. Throughout his employment, Plaintiff KUANYU CHEN was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

48. Throughout his employment, Plaintiff KUANYU CHEN was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

49. Throughout his employment, Plaintiff KUANYU CHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

50. Further, Defendant directed Plaintiff KUANYU CHEN to make various

purchases for Defendants but never paid him back.

## COLLECTIVE ACTION ALLEGATIONS

51.  Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Unpaid Wages Brought on behalf of the Plaintiff and the FLSA Collective]**

52.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53.  At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

54.  The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

55.  Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Failure to Pay Unpaid Wages
### Brought on behalf of Plaintiff]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

58. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

59. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

60. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

63. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

64. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

65. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

67. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

68. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
**[Violation of New York Labor Law—Failure to Pay Overtime
Brought on behalf of Plaintiff]**

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

70. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

71. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

72. Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

73. Defendants' failure to pay Plaintiff was not in good faith.

### COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff]

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

76. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

### COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff]

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the

noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

79. Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

80. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

81. Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VII.
**[Violation of New York Labor Law—Failure to Keep Records  
Brought on behalf of Plaintiff and Rule 23 Class]**

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

84. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

85. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to

facilitate their exploitation of Plaintiff's labor.

86. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VIII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff]**

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

89. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

90. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

91. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

94. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

95. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

      g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
June 1, 2019

          TROY LAW, PLLC
          *Attorneys for the Plaintiff, proposed FLSA*
          *Collective and potential Rule 23 Class*

          /s/ John Troy
          John Troy (JT0481)