UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kuanyu Chen,<br><br>         Plaintiffs,<br><br>- against -<br><br>Sino-Global Shipping America, Ltd., Sino-Global Shipping New York, Inc., LJC Trading, Inc., and LJC Trading New York, Inc., Cao Lei, Zhong Zhang, Lihui Zhang, and Jianchen Liu,<br><br>         Defendants. | Case No. 2:19-cv-03276-GRB-ST |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Qinyu Fan, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 5

**STANDARD OF REVIEW** ....................................................................................................... 6

**ARGUMENT** .............................................................................................................................. 7

    I.   THE COURT LACKS AN INDEPENDENT BASIS FOR JURISDICTION BECAUSE THE COUNTERCLAIMS ARE PERMISSIVE ....................................................................... 7

    II.   THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER THE COUNTERCLAIMS .............................................................................................................. 10

    III.   ASSUME THE COURT FIND SUBJECT-MATTER JURISDICTION OVER THE DEFENDANTS' COUNTERCLAIMS, THE COURT SHOULD STILL DISMISS THE DEFENDANTS' COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM. ................... 12

**CONCLUSION** ........................................................................................................................ 14

# CASES

*APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) .......................................................... 7

*Carco Group, Inc. v. Maconachy*, 383 F. App'x 73, 76 (2d Cir. 2010) ...................................... 14

*Critical-Vac Filtration Corp. v. Minuteman International, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) ........................................................................................................................ 5

*Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 63 (2d Cir. 2007) ................................................. 15

*GFRE, Inc. v. U.S. Bank, N.A.*, 2015 NY Slip Op 05640, ¶ 1, 130 A.D.3d 569, 569, 13 N.Y.S.3d 452, 453 (App. Div. 2nd Dept.) ........................................................................ 15

*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572, 841 NE2d 742, 807 NYS2d 583 (2005) ........................................................................................................................ 14

*Harris v. Steinem*, 571 F.2d 119, 121-22 (2d Cir. 1978) ................................................... 6

*Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) .............................. 5, 6, 7, 10

*Laracuente v. Major Otis LLC*, No. 15-cv-00155 (RJD) (RML), 2016 U.S. Dist. LEXIS 64878, at *5 (E.D.N.Y. May 17, 2016) ........................................................................... 11, 12

*Lopez v. Ki Moon Rest. Corp.*, No. 17-cv-06078 (LDH) (RLM), 2018 U.S. Dist. LEXIS 114558, at *6 (E.D.N.Y. Apr. 24, 2018) .................................................................... 10

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) ....................... 10

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) .................................................... 7

*Meese v. Miller*, 79 A.D.2d 237, 238, 436 N.Y.S.2d 496, 498 (App. Div. 4th Dept. 1981) ........ 15

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ................................... 6

*Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 200 (2d Cir. 2003) ......................... 11, 13

*Schanfield v. Sojitz Corp. of America*, 663 F. Supp. 2d 305, 348 (S.D.N.Y. 2009) .................... 13

*Shang Shing Chang v. Wang*, No. 15-cv-04385 (FB) (ST), 2018 U.S. Dist. LEXIS 40121, at *14 (E.D.N.Y. Mar. 12, 2018) .................................................................................................. 11

*Stefanovic v. Old Heidelberg Corp.*, No. 18-cv-02093 (LTS) (KNF), 2019 U.S. Dist. LEXIS 133397, at *6–7 (S.D.N.Y. Aug. 8, 2019) ......................................................................... 12, 14

*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467 (2d Cir. Aug. 2008) .............. 7, 8

*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) ............................................................ 10

*United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979) .......................................................... 6

## STATUTES

28 U.S.C. § 1367(a) ........................................................................................................................ 9

29 C.F.R. § 541 .............................................................................................................................. 9

## RULES

Fed. R. Civ. Pro. 13(a) ............................................................................................................... 6, 7

Fed. R. Civ. Pro. 13(b) ............................................................................................................... 6, 7

**PRELIMINARY STATEMENT**

Plaintiff and Counterclaim-Defendant Kuanyu Chen (hereinafter "Plaintiff", "Plaintiff Chen" or "Counterclaim Defendant"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby file this memorandum of law in support of Plaintiff's motion to dismiss Defendant's counterclaims.

On February 25, 2020, Plaintiff Chen filed his Amended Complaint in this case. ECF Dkt. 52. On May 4, 2021, Defendants Sino-Global Shipping America, Ltd., Sino-Global Shipping New York, Inc., and Lei Cao's Judgment Offer was accepted and satisfied. ECF Dkt. 112. On November 15, 2021, the remaining Defendants, LJC Trading, Inc., and LJC Trading New York, Inc., Zhong Zhang, Lihui Zhang, and Jianchen Liu filed their Answer to Amended Complaint with Counterclaims. ECF Dkt. 114. In Defendants' Answer to Amended Complaint with Counterclaims, the Defendants allege damages under State Laws including Breach of Duty of Loyalty and Duty of Care, Unjust Enrichment, and Conversion/Misappropriation of Corporate Funds. ECF Dkt. 114. Specifically, the Defendants allege the following:

1) Plaintiff subleased warehouse to third parties and improperly pocketed the payments from the third parties. ECF Dkt. 114 ¶¶ 3, 20, 21.

2) Plaintiff failed to perform duties to maintain the corporate owned fleet and vehicle causing registration and insurance coverage to lapse. ECF Dkt. 114 ¶¶ 7-8.

3) Plaintiff failed to properly maintain the corporate fleet, causing physical damage to the vehicles. ECF Dkt. 114 ¶ 9.

4) Plaintiff routinely failed to appear at the office during the work hours. ECF Dkt. 114 ¶ 10.

5) Plaintiff illegally used the vehicles for his personal uses instead of the authorized business uses. ECF Dkt. 114 ¶ 11.

6) Plaintiff improperly charged LJC NY Inc. for meals, parking, and gasoline usage he and his family consumed for personal purposes. ECF Dkt. 114 ¶ 12.

Defendants' counterclaims should be denied because this Court would lack subject-matter jurisdiction over the Defendants Counterclaims.

Assume the Court finds subject matter jurisdiction over the Defendants Faithless Servant Doctrine Claim, the Court should dismiss the Defendants' counterclaims for failure to state a claim.

## STANDARD OF REVIEW

Fed. R. Civ. P. 13(a) defines a compulsory counterclaim as any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot obtain jurisdiction. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004). Fed. R. Civ. P. 13(b) defines a permissive counterclaim as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Id*. Such counterclaims are compulsory in the sense that if they are not raised, they are forfeited. See *Critical-Vac Filtration Corp. v. Minuteman International, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000). Whether a counterclaim is compulsory or permissive turns on whether the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and this Circuit has long

considered this standard met when there is a "logical relationship" between the counterclaim and the main claim. See *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979).

Federal courts retain subject matter jurisdiction over compulsory counterclaims, *see* Fed. R. Civ. Pro. 13(a), but permissive counterclaims require an independent basis for subject matter jurisdiction. *See* Fed. R. Civ. Pro. 13(b); see also *Harris v. Steinem*, 571 F.2d 119, 121-22 (2d Cir. 1978). "Whether a counterclaim is compulsory or permissive turns on whether the counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and. . .this standard [is] met when there is a logical relationship between the counterclaim and the main claim." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004). "Although the logical relationship test does not require an absolute identity of factual backgrounds, the essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id*.

However, a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)), and that affirmative showing may not be "made by drawing from the pleadings inferences favorable to the party asserting" subject matter jurisdiction. *Id*. (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

## ARGUMENT

I. THE COURT LACKS AN INDEPENDENT BASIS FOR JURISDICTION BECAUSE THE COUNTERCLAIMS ARE PERMISSIVE

A compulsory counterclaim "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; **and** (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). (Emphasis added). **Any**

counterclaim that is not compulsory by this definition is necessarily "permissive." Fed. R. Civ. P. 13(b). (Emphasis added). In the Second Circuit, "[w]hether a counterclaim is compulsory or permissive turns on whether the counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467 (2d Cir. Aug. 2008) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004)). The Second Circuit considers "this standard met when there is a logical relationship between the counterclaim and the main claim. Although the logical relationship test does not require an absolute identity of factual backgrounds, the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.*, (quoting *Jones*, 358 F.3d at 209).

Here, as in *Gristede's*, all the nine Plaintiff's wage-and-hour claims center on common pay practices of the Defendants which applied to each of the Plaintiff, while Defendant's counterclaims "are not related to any aspect of these practices; rather, they focus on discrete allegations of misconduct" pertaining only to one Plaintiff. *Id.* As in *Gristede's*, "The only possible connection between Plaintiffs' overtime claims and the counterclaims is that they arise out of the same employer-employee relationship." *Id.* Finally, "the essential facts for proving the counterclaims and the [wage and hour] claims 'are not so closely related that resolving both sets of issues in one lawsuit would yield judicial efficiency.'" *Id.* at 468 (quoting *Jones*, 358 F.3d at 210).

Similarly, this disconnect is shown from the Defendants' Answer to Amended Complaint with Counterclaims, which have no bearing on the wage-and-hour claims. Specifically, the Defendants alleges the misconduct occurred outside of the scope of Plaintiff's employment.

Defendants failed to meet its burden to allege that Plaintiff worked as a manager in Defendants' company. 29 C.F.R. § 541 states that, to qualify for the executive employee

exemption, all of the following tests must be met: […] (2) The employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; (3) The employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and (4) The employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight. Here, except for conclusory language, Defendants failed to allege any of the above essential facts. Therefore, Defendants failed to establish Plaintiff Chen's management role in the company. 29 C.F.R. § 541.

Additionally, Defendants mainly allege that Plaintiff Chen subleasing the warehouse (only for one time) but did not give Defendants the payment. ECF Dkt. 114 ¶¶ 3, 20, 21. However, even if there is dispute about the payment from the sublease, it is a contract claim rather than an employment law claim, because Plaintiff worked for Defendants for more than three years as a driver, but only introduced Defendants in the sublease for one time. Therefore, subleasing the warehouse is not a part of Plaintiff's job duty, but a one-time contract between Parties. Therefore, this does not arise out of Plaintiff's employment with Defendants.

As for Defendants' other claims regarding vehicles registrations, Defendants admit that they requested help with their 2020 registration, which is after Plaintiff's employment. On September 16, 2020, Defendants, via their prior counsel, for the first time contacted Plaintiff's counsel requesting help with their registration. *See* Exhibit A.

As for Plaintiff's other misconduct during his employment, they are within normal employment performance without substantial disruption of Plaintiff's job duties, instead of the alleged counterclaims.

Accordingly, as in *Gristede's*, the Court here should find that Defendants' counterclaims are permissive.

## II. THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER THE COUNTERCLAIMS

Supplemental jurisdiction exists over "all other claims" in a civil action "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus even where, as in the case at bar, the Court lacks an independent basis for its exercise of subject-matter jurisdiction over permissive counterclaims, it must still determine whether the claims fall under its supplemental jurisdiction pursuant to Section 1367. See *Jones*, 358 F.3d at 213 (court may have supplemental jurisdiction over counterclaims even where their factual relationship to the underlying claims "is not such as would make the counterclaims compulsory"). Counterclaims raising issues of state law are part of the "same case or controversy" when they share "a common nucleus of operative fact" with the plaintiff's underlying claim. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The existence of a common nucleus of operative fact may be established where either the "facts underlying the federal and state claims substantially overlap[]… or where presentation of the federal claim necessarily br[ings] the facts underlying the state claim before the court[.]" *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000). "[C]ourts have repeatedly rejected the notion that claims meet that test merely because they arise out of the same employment relationship." *Lopez v. Ki Moon Rest. Corp.*, No. 17-cv-06078 (LDH) (RLM), 2018 U.S. Dist. LEXIS 114558, at *6 (E.D.N.Y. Apr. 24, 2018) (collecting cases).

Courts have specifically rejected the notion that an employee's pocketing of payments and theft arising out of the same nucleus of operative fact as that employee's claims under the FLSA. See *Shang Shing Chang v. Wang*, No. 15-cv-04385 (FB) (ST), 2018 U.S. Dist. LEXIS 40121, at

*14 (E.D.N.Y. Mar. 12, 2018) ("At most, [plaintiff's] alleged theft and his overtime claims both related to his employment with the defendants."). see also *Laracuente v. Major Otis LLC*, No. 15-cv-00155 (RJD) (RML), 2016 U.S. Dist. LEXIS 64878, at *5 (E.D.N.Y. May 17, 2016) (declining to exercise supplemental jurisdiction over breach of duty of loyalty claim where federal claims did not necessarily bring the facts underlying the state claims before the court).

As such, the Court should dismiss Defendants' Counterclaims in their Answer to Amended Complaint.

To the extent of Counter Claim I – (Faithless Servant Doctrine), the Court should also dismiss this counterclaim because Defendants were aware of the sublease and never requested the payment back during or even after Plaintiff's employment until January 2021.

Under New York common law, a faithless servant forfeits the right to compensation for services tainted by their faithlessness. See *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 200 (2d Cir. 2003). Courts sometimes exercise supplemental jurisdiction over faithless servant claims when these are asserted as a "partial defense to Plaintiffs' FLSA overtime and minimum wage claims on a theory of recoupment or setoff." See *Stefanovic v. Old Heidelberg Corp.*, No. 18-cv-02093 (LTS) (KNF), 2019 U.S. Dist. LEXIS 133397, at *6–7 (S.D.N.Y. Aug. 8, 2019). This is so because presenting a theory of recoupment of wages paid, or setoff, will involve the presentation of evidence that would also be presented to prove a plaintiff's wage-and hour claims: evidence that would go to show how much that plaintiff was actually paid. See *id.*, at *7 (citing *Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 704). see also *Laracuente v. Major Otis LLC*, No. 15-cv-00155 (RJD) (RML), 2016 U.S. Dist. LEXIS 64878, at *5 (E.D.N.Y. May 17, 2016) (declining to exercise supplemental jurisdiction over breach of duty of loyalty claim where federal claims did not necessarily bring the facts underlying the state claims before the court). Thus, the

Court lacks jurisdiction over the Defendants' counterclaims because Defendants' alleged counterclaim under faithless servant doctrine is waived because Defendants never claimed such funds during or even one year after Plaintiff's employment with Defendants.

Additionally, Defendants' Counterclaim I is not clear because Faithless Servant Doctrine was not listed as a separate counterclaim. Furthermore, as stated in the following part, Plaintiff Chen was told by Defendants to keep the funds, and Defendants never requested such proceeds to be returned until January 2021. Last but not least, Defendants were aware of the existence of the sublease since March 2018, before the sublease began, and approved such sublease. Therefore, Plaintiff was never faithless to Defendants, but Defendants failed to claim such funds until January 2021.

III. ASSUME THE COURT FIND SUBJECT-MATTER JURISDICTION OVER THE DEFENDANTS' COUNTERCLAIMS, THE COURT SHOULD STILL DISMISS THE DEFENDANTS' COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM.

The Court should dismiss the Defendants' counterclaims because the Defendants failed to state a claim with respect to the alleged damage for breach of duty of loyalty and duty of care, unjust enrichment, or conversion/ Misappropriation of Corporate Funds. ECF Dkt. No. 114.

Under New York common law, "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary." *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 200 (2d Cir. 2003) (citations omitted). Interpreting state law standards, courts in this Circuit have held a faithless servant claim requires showing that the employee breached their duty of loyalty to their employer in a way that was substantial and material to the performance of their duties. See *Schanfield v. Sojitz Corp. of America*, 663 F. Supp. 2d 305, 348 (S.D.N.Y. 2009) (citing *Phansalkar*, 344 F.3d at 200).

The duty of loyalty prohibits an employee from "acquir[ing] a material benefit from a third party in connection with transactions conducted or other actions taken on behalf of the [employer] or otherwise through the [employee's] use of the [employee's] position." Restatement (Third) of Agency § 8.02 (2006). (Emphasis added). An employee forfeits compensation for a breach of the duty of loyalty when he/she acts "adversely to his[/her] employer in any part of [a] transaction[.]" *Carco Group, Inc. v. Maconachy*, 383 F. App'x 73, 76 (2d Cir. 2010) (internal citations omitted). *Stefanovic v. Old Heidelberg Corp.*, No. 18 CV 2093-LTS-KNF, 2019 U.S. Dist. LEXIS 133397, at *7-9 (S.D.N.Y. Aug. 8, 2019).

Here, as stated above, Plaintiff worked for Defendants as a driver for more than three years. Plaintiff only voluntarily introduced Defendants to sublease their warehouse because it was empty anyways. The warehouse was subleased subject to Defendants' approval, and although Plaintiff Chen inquired about the proceeds from the sublease, Defendants told him to keep the funds and never requested it back until January 2021. Furthermore, Plaintiff never intended to enrich himself through his use of his position as a driver. Therefore, the Defendants failed to state a claim under the faithless servant doctrine.

As to the unjust enrichment claim, "The theory of unjust enrichment lies as a quasi-contract claim." *Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572, 841 NE2d 742, 807 NYS2d 583 (2005). Therefore, the unjust enrichment claim is essentially a State contract law claim. The elements of a cause of action to recover for unjust enrichment are: (1) the defendant was enriched; (2) at the plaintiff's expense; and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered. The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the

defendant to retain what is sought to be recovered. *GFRE, Inc. v. U.S. Bank, N.A.*, 2015 NY Slip Op 05640, ¶ 1, 130 A.D.3d 569, 569, 13 N.Y.S.3d 452, 453 (App. Div. 2nd Dept.)

Here, Defendants never incurred any extra expenses because the warehouse was always rented and empty. Also, Defendants never requested Plaintiff to pay back the proceeds from the sublease, but instructed Plaintiff to keep the proceeds.

Last but not least, the three basic elements of a cause of action in conversion are: (1) intent; (2) interference with the owner's property rights to the exclusion of his rights; and (3) possession or the right to possession. *Meese v. Miller*, 79 A.D.2d 237, 238, 436 N.Y.S.2d 496, 498 (App. Div. 4th Dept. 1981). Defendants also, claim misappropriation of corporate funds in the same counterclaim. New York Jurisprudence states that corporate directors and officers will be held accountable for the wrongful use, diversion, or misappropriation of corporate funds or property in an action appropriate for the enforcement of such liability. Good intentions do not justify the misapplication or misuse of corporate assets where the directors know that the use they are making of the assets is not for the benefit of the company, but for the use and benefit of other enterprises in which they are interested. *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 63 (2d Cir. 2007).

Here, regarding the conversion claim, Plaintiff Chen did not intentionally interference with Defendants' property rights to the exclusion of his rights. Regarding the misappropriation of corporate funds, Plaintiff Chen was never a corporate director, nor was he an officer of LJC Trading, Inc. or LJC Trading New York, Inc. Therefore, Defendants failed to state the counterclaims.

## CONCLUSION

For the reasons stated above, the Court should dismiss the Defendants' Counterclaims because the Court would lack subject-matter jurisdiction over the Counterclaims. Assume the

Court found jurisdiction over the counterclaims, the counterclaims are still futile as the Defendants failed to state a claim.